# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1332V
Filed: November 1, 2017
UNPUBLISHED

| | |
|---|---|
| MICHELE M. PHILLIPS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Michael Elio Ciccolini,, Ciccolini & Associates CO, LPA, Akron, OH*, for petitioner.
*Douglas Ross, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 13, 2016, Michele M. Phillips ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), including bursitis and rotator cuff tear as a result of being administered an influenza ("flu") vaccine on October 25, 2013.  On June 6, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer.  (ECF No. 22.)

On August 16, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 29.)   Petitioner requests attorneys' fees in the amount of $17,190.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $848.15.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  (ECF No. 34).  Thus, the total amount requested is $18,038.15.

On August 16, 2017, respondent filed a response to petitioner's motion.  (ECF No. 30.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On September 12, 2017, petitioner filed a reply.  (ECF No. 31.)  Petitioner notes that as respondent did not make any specific objection to her fee application, she requests that the undersigned approve her request.  *Id.* at 1.

The undersigned notes that the attorneys and paralegals spent several hours of time discussing the case with each other in various interoffice communications.  In addition, three attorneys billed for preparing for a status conference on November 22, 2016.  The undersigned has previously found it reasonable to reduce fees paid to petitioner due to duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced CHCC's overall fee award by 10 percent due to excessive and duplicative billing).  The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case and have reduced fees accordingly.  *See Sabella v. Sec'y of Health & Human Servs.,, 86 Fed. Cl. 201, 209* (Fed. Cl. 2009); *see also Austin v. Sec'y of Health & Human Servs.*, No. 10–362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan 31, 2013) (reducing attorneys' fees due to "excessive interoffice communications").  Generally speaking, having multiple attorneys work on a file is ineffective and inefficient.  However, given that this is petitioner's counsel's first case in the Vaccine Program, a certain amount of interoffice communication is unavoidable.  Thus, the undersigned will not reduce the fee award in this case.  Should petitioner's counsel continue to practice in the Vaccine Program, it should be noted that similar duplicative entries and time billed for interoffice communications may not be compensated.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,038.15,**[3] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael L. Ciccolini.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.